**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NATIONAL RETIREMENT FUND and the BOARD OF TRUSTEES OF THE NATIONAL RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>COLONY CAPITAL, LLC; COLONY INVESTORS VI, L.P.; COLONY INVESTORS VII, L.P.; COLONY RIH HOLDINGS LLC; RIH COINVESTMENT PARTNERS, L.P., RIH VOTECO, LLC; RIH COINVESTMENT VOTECO, LLC; THOMAS J. BARRACK, JR.; and RIH RESORTS, LLC,<br><br>Defendants. | Case No. 1:19-cv-03875-ALC<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Colony Capital, LLC; Colony Investors VI, L.P. ("Colony VI"); Colony Investors VII, L.P. ("Colony VII"); Colony RIH Holdings, LLC ("Colony RIH Holdings")[1]; RIH Coinvestment Partners, L.P. ("RIH Coinvestment"); RIH Voteco, LLC; RIH Coinvestment Voteco, LLC; RIH Resorts, LLC ("RIH Resorts") (together, the "Colony Defendants"); and Thomas J. Barrack, Jr. ("Defendant Barrack" and, together with the "Colony Defendants", "Defendants") respectfully submit this Answer and Affirmative Defenses to the Original Complaint (the "Complaint"), dated May 1, 2019, filed by the National Retirement Fund (the "NRF") and the Board of Trustees of the National Retirement Fund (the "Trustees") (together, the "Fund"). Defendants refer the Fund to the complaint filed in *Colony Investors VI, L.P., et al v. The National Retirement Fund et al*, Case No. 1:19-cv-03914-ALC (S.D.N.Y.), Dkt. 1 for

---

[1] The Complaint caption incorrectly omits the comma from Colony RIH Holdings, LLC.

1

further supplementation of this Answer.  Defendants reserve all rights to supplement and amend this Answer.

## ANSWER

1. Paragraph 1 sets forth a legal conclusion to which no response is necessary.

2. Paragraph 2 sets forth a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants admit that the Court has subject-matter jurisdiction over this action.

3. Paragraph 3 sets forth a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants admit that venue is proper in this Court.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore deny them, except as follows:  Defendants admit that the NRF purports to have offices in Lincoln, Rhode Island, and does business in many states, including New York.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them, except as follows:  Defendants admit that the NRF describes itself as a multiemployer pension benefit plan, operating under the auspices of the Employee Retirement Income Security Act ("ERISA") and the Multiemployer

Pension Plan Amendments Act.

9. Paragraph 9 sets forth a legal conclusion to which no response is necessary.

10. Paragraph 10 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny them.

13. Defendants admit the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 that pertain to the Atlantic Club Casino Hotel's (the "Atlantic Club") alleged withdrawal from the "Legacy Plan" and therefore deny them. Defendants further deny the remaining allegations in paragraph 16, except as follows: Defendants admit that RIH Resorts is a Delaware limited liability company and was formed in February 2005.

17. Defendants deny the allegations in paragraph 17, except as follows: Defendants admit that Colony VI and Colony VII are private investment funds. Defendants further admit that Colony VI and Colony VII are Delaware limited partnerships, each with its principal place of business in Santa Monica, California. Defendants further admit that Colony VI was formed in 2003, and that Colony VII was formed in 2005.

18. Defendants deny the allegations in paragraph 18, except as follows: Defendants admit that Colony RIH Holdings is a Delaware limited liability company.

19. Defendants deny the allegations in paragraph 19, except as follows: Defendants admit that RIH Coinvestment was formed in March 2005.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25, except as follows: Defendants admit that the acquisition of the assets of four casinos (including the Atlantic Club) from Harrah's and Caesars known as "Project Heat" ultimately required approximately $360 million in invested equity.

26. Defendants deny the allegations in paragraph 26, except as follows: Defendants admit that, in September 2004, Colony VI chose to invest approximately $92 million in Project Heat.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28, except as follows: Defendants admit that 11 co-investors committed to investing approximately $135 million in Project Heat (leaving approximately $132 million in required equity yet to be invested).

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30, except as follows: Defendants admit that RIH Coinvestment did not invest in any real estate opportunities other than Project Heat.

31. Defendants deny the allegations in paragraph 31, except as follows: Defendants

admit that in July 2005, Colony VII decided to invest approximately $127 million in Project Heat.

32.     Defendants deny the allegations in paragraph 32, except as follows:  Defendants admit that in July 2005, Colony VII decided to invest approximately $127 million—the approximate balance of the equity required to invest in Project Heat—because that was the opportunity available to it.  Defendants further admit that Colony VII ultimately invested approximately $127 million in Project Heat, after its final closing in October of 2005.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 that pertain to the Atlantic Club's alleged withdrawal from the "Legacy Plan" and therefore deny them.  Defendants further deny the remaining allegations in paragraph 33, except as follows:  Defendants admit that RIH Resorts indirectly owns RIH Acquisitions NJ, LLC ("RIH Acquisitions"), the company that owned the Atlantic Club.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 that pertain to the Atlantic Club's alleged withdrawal from the "Legacy Plan" and therefore deny them.  Defendants further deny the remaining allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36, except as follows:  Defendants admit that the Fund appears to purport to paraphrase the Agreement of Limited Partnership of RIH Co-Investment Partners and respectfully refer the Court to the agreement for a full and complete statement of its terms.

37.     Defendants deny the allegations in paragraph 37.

38. Paragraph 38 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny them.

42. Defendants admit the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43, except as follows: Defendants admit that the Fund appears to purport to paraphrase a document titled RIH Acquisitions NJ, LLC (Chapter 11 Bankruptcy Petition) Written Consent of the Board ("Written Consent") and respectfully refer the Court to the document for a full and complete statement of its terms. To the extent the allegations in paragraph 43 are inconsistent with or mischaracterize the Written Consent, Defendants deny the allegations.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny them.

45. Defendants deny the allegations in paragraph 45, except as follows: Defendants admit that the Fund made an information request from RIH Acquisitions NJ LLC d/b/a The Atlantic Club Casino pursuant to Section 4219 of ERISA by letter dated January 17, 2014 and respectfully refer the Court to the letter for a full and complete statement of its terms.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 that pertain to the "Atlantic Club Debtors" and therefore deny them. Defendants further deny the remaining allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48, except as follows: Defendants admit that the Fund filed amended proofs of claim against RIH Acquisitions and RIH Propco NJ, LLC ("RIH Propco") for withdrawal liability in the bankruptcy court and respectfully refer the Court to the proofs of claim for a full and complete statement of their terms. Defendants deny that notice of any withdrawal liability was ever properly given, and they further deny that the Fund's withdrawal liability calculations are correct.

49. Defendants admit that RIH Acquisitions and RIH Propco are not defendants in this action, and further admit that the Fund does not purport to assert any claims against them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 that pertain to the Atlantic Club's alleged withdrawal from the "Legacy Plan" and therefore deny them. Defendants further deny the remaining allegations in paragraph 50, except as follows: Defendants admit that RIH Resorts indirectly owns RIH Acquisitions, the company that owned the Atlantic Club.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53, except as follows: Defendants admit that the Fund appears to purport to paraphrase a document titled ColonyInvestors VII, L.P. dated May 2005 and respectfully refer the Court to the document for a full and complete statement of its terms.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59, except as follows: Defendants admit that the Fund appears to purport to paraphrase the website for the New Jersey Casino Control Commission and respectfully refer the Court to that website for a full and complete statement of its terms. Defendants further admit that Defendant Barrack held a Casino Key Employee License from the New Jersey Casino Control Commission.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62 and respectfully refer the Court to the Agreement of Limited Partnership of Colony Investors VI, L.P. for a full and complete statement of its terms.

63. Defendants admit that Section 3.02(A) of the Agreement of Limited Partnership of Colony Investors VI, L.P. contains the language quoted in paragraph 63, but respectfully refer the Court to the agreement for a full and complete statement of its terms.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66 and respectfully refer the Court to the Amended and Restated Agreement of Limited Partnership of Colony Investors VII, L.P. for a full and complete statement of its terms.

67. Defendants admit that Section 3.02(A) of the Amended and Restated Agreement of Limited Partnership of Colony Investors VII, L.P. contains the language quoted in paragraph 67, but respectfully refer the Court to the agreement for a full and complete statement of its terms.

68. Defendants admit that Section 3.02(B) of the Amended and Restated Agreement of Limited Partnership of Colony Investors VII, L.P. contains the language quoted in paragraph 68, but respectfully refer the Court to the agreement for a full and complete statement of its terms.

69. Defendants admit that the Preliminary Private Placement Memorandum for Colony Investors VII, L.P. contains the language quoted in paragraph 69, but respectfully refer the Court to the memorandum for a full and complete statement of its terms.

70. Defendants admit that the Preliminary Private Placement Memorandum for Colony Investors VII, L.P. contains the language quoted in paragraph 70, but respectfully refer the Court to the memorandum for a full and complete statement of its terms.

71. Defendants admit that Section 3.02(A) of the Agreement of Limited Partnership of RIH Co-Investment Partners, L.P. contains the language quoted in paragraph 71, but respectfully refer the Court to the agreement for a full and complete statement of its terms.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Paragraph 85 sets forth a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93, except as follows:  Defendants admit that, on May 7, 2014, the Fund and the Colony Defendants entered into a Standstill Agreement and respectfully refer the Court to the agreement for a full and complete statement of its terms.  Defendants further state that Defendant Barrack is not a party to the Standstill Agreement, and that the Standstill Agreement did not toll statutes of limitations with respect to the Fund's Second Claim, which it brings pursuant to ERISA § 4219, 29 U.S.C. § 1399.

94. Defendants deny the allegations in paragraph 94, except as follows:  Defendants admit that, on December 11, 2018, the Fund and the Colony Defendants entered into a First Amended and Restated Standstill Agreement, which terminated on April 30, 2019.   Defendants further state that Defendant Barrack is not a party to the First Amended and Restated Standstill Agreement.

95. Defendants deny the allegations in paragraph 95, except as follows: Defendants admit that the Standstill Agreement contains the language quoted in paragraph 95, but respectfully refer the Court to the agreement for a full and complete statement of its terms. Defendants further state that Defendant Barrack is not a party to the Standstill Agreement.

96. Defendants admit the allegations in paragraph 96. Defendants further state that Defendant Barrack is not a party to the Standstill Agreement.

97. Defendants deny the allegations in paragraph 97, except as follows: Defendants admit that the Fund and the Colony Defendants entered into a Confidentiality Agreement on or about April 7, 2015. Defendants further state that Defendant Barrack is not a party to the Confidentiality Agreement.

98. Defendants deny the allegations in paragraph 98, except as follows: Defendants admit that the Colony Defendants produced certain documents to the NRF, some of which were redacted.

99. Defendants admit the allegations in paragraph 99.

100. Defendants admit that the Fund purports to characterize certain written communications from the Colony Defendants to the Fund in paragraph 100, and respectfully refer the Court to the written communications for a full and complete statement of their terms. To the extent the allegations in paragraph 100 are inconsistent with or mischaracterize the written communications, Defendants deny the allegations.

101. With respect to paragraph 101, Defendants repeat and incorporate by reference the answers contained in paragraphs 1 through 100 above.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore deny them.

103. Defendants lack knowledge or information sufficient to form a belief as to whether the Fund timely filed the proofs of claim in the bankruptcy court and therefore deny that they were timely filed.  Defendants further deny the remaining allegations in paragraph 103, except as follows:  Defendants admit that the Fund filed proofs of claim and amended proofs of claim against RIH Acquisitions and RIH Propco for withdrawal liability in the bankruptcy court on March 11, 2014 and November 17, 2015, respectively, and respectfully refer the Court to the proofs of claim for a full and complete statement of their terms.  Defendants further deny that the Fund's withdrawal liability calculations are correct or that the Fund provided proper notice of any liability to Defendants.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants lack knowledge or information sufficient to form a belief as to whether the Fund timely filed the proofs of claim in the bankruptcy court and therefore deny that they were timely filed.  Defendants further deny that any Defendant is a member of the Atlantic Club's controlled group, if any.  Defendants admit that the Fund purports to characterize their litigation position in the remaining allegations of paragraph 108 and respectfully refer the Court to the complaint filed by certain of the Defendants in related Case No. 1:19-cv-03914 for a statement of their position.  To the extent the allegations in paragraph 108 are inconsistent with or mischaracterize their position, Defendants deny the allegations.

109. Paragraph 109 sets forth a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny that the Fund is entitled to the

declaratory relief sought, and respectfully refer the Court to 28 U.S.C. § 2201 for a full and complete statement of its terms.

110. With respect to paragraph 110, Defendants repeat and incorporate by reference the answers contained in paragraphs 1 through 109 above.

111. Defendants deny the allegations in paragraph 111, except as follows: Defendants admit that the Fund made an information request from RIH Acquisitions NJ LLC d/b/a The Atlantic Club Casino pursuant to Section 4219 of ERISA by letter dated January 17, 2014 and respectfully refer the Court to the letter for a full and complete statement of its terms. Defendants further state that the Fund never requested documents or information from Defendant Barrack.

112. Defendants deny the allegations in paragraph 112, except as follows: Defendants admit that the Colony Defendants provided documents to the Fund beginning on July 23, 2015. Defendants further state that the Fund never requested documents or information from Defendant Barrack.

113. Defendants deny the allegations in paragraph 113, and further deny that the Fund is entitled to the relief sought.

114. Defendants deny that the NRF and the Trustees are entitled to the relief sought, and further deny the remaining allegations in paragraph 114.

115. Defendants deny that the NRF and the Trustees are entitled to the relief sought, and further deny the remaining allegations in paragraph 115.

116. Defendants deny that the NRF and the Trustees are entitled to the relief sought, and further deny the remaining allegations in paragraph 116.

117. Defendants deny that the NRF and the Trustees are entitled to the relief sought,

and further deny the remaining allegations in paragraph 117.

118. Defendants deny that the NRF and the Trustees are entitled to the relief sought, and further deny the remaining allegations in paragraph 118.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint. Defendants reserve the right to amend their defenses, including asserting additional defenses that become known or further apparent through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

119. The Fund's First Claim against Defendants fails because no Defendant owes pension withdrawal liability to the Fund.

## SECOND AFFIRMATIVE DEFENSE

120. The Fund's First Claim against Defendants fails because no Defendant is or was at any time a member of the Atlantic Club's controlled group, if any.

## THIRD AFFIRMATIVE DEFENSE

121. The Fund's First Claim against Defendants fails because no Defendant is or was at any time under "common control" with RIH Acquisitions.

## FOURTH AFFIRMATIVE DEFENSE

122. The Fund's First Claim against Defendants fails because no Defendant is or was at any time a "trade or business."

## FIFTH AFFIRMATIVE DEFENSE

123. The Fund's First Claim against Defendants fails because there is no basis for aggregating any of the respective interests held by any Defendant in this action, at this time or any other time.

**SIXTH AFFIRMATIVE DEFENSE**

124. The Fund's Second Claim against Defendants fails because it is based upon a document request that was not directed to any of the Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

125. The Fund's Second Claim against Defendants fails because ERISA § 4219, 29 U.S.C. § 1399 neither applies to nor imposes any obligation on any Defendant, at this time or any other time.

**EIGHTH AFFIRMATIVE DEFENSE**

126. The Fund's Second Claim against Defendants fails because it is barred by the applicable statute of limitations, including ERISA § 413, 29 U.S.C. § 1113.

**NINTH AFFIRMATIVE DEFENSE**

127. The Fund's Second Claim against Defendants fails because the Fund did not suffer any harm as a result of Defendants' alleged failure to provide documents and information.

**TENTH AFFIRMATIVE DEFENSE**

128. The Fund's Second Claim against Defendants fails because the Colony Defendants have already produced responsive documents in satisfaction of any prior document or information requests the Fund may have directed to them.

**ELEVENTH AFFIRMATIVE DEFENSE**

129. The Fund's Second Claim fails as to Defendant Barrack because the Fund has not directed any document or information requests to Defendant Barrack.

**TWELFTH AFFIRMATIVE DEFENSE**

130. The Fund's First and Second Claims fail as to Defendant Barrack because the Fund has failed to plead any theory of personal liability against Defendant Barrack.

Dated: September 4, 2019
New York, New York

Respectfully submitted,

By: */s/ Matt Kline*
  Matt Kline (*pro hac vice*)
  Daniel M. Petrocelli (*pro hac vice*)
  O'Melveny & Myers LLP
  1999 Avenue of the Stars, 7th Floor
  Los Angeles, CA 90067-6035
  Telephone: (310) 553-6700
  Facsimile: (310) 246-6779
  Email: mkline@omm.com
  Email: dpetrocelli@omm.com

  Andrew J. Frackman
  7 Times Square
  New York, New York  10036
  Telephone: (212) 326-2000
  Facsimile: (212) 326-2061
  Email: afrackman@omm.com

  Natasha S. Fedder (*pro hac vice*)
  400 South Hope Street, 18th Floor
  Los Angeles, CA 90071-2899
  Telephone: (213) 430-6000
  Facsimile: (213) 430-6407
  Email: nfedder@omm.com


  *Counsel for Defendants Colony Capital, LLC; Colony Investors VI, L.P.; Colony Investors VII, L.P.; Colony RIH Holdings, LLC; RIH Coinvestment Partners, L.P.; RIH Voteco, LLC; RIH Coinvestment Voteco, LLC; RIH Resorts, LLC; and Thomas J. Barrack, Jr.*

## CERTIFICATE OF SERVICE

I certify that on September 4, 2019, I filed in this action the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** electronically via the Court's ECF System. Notice of this filing will be sent in this action by operation of the Court's electronic system to all counsel of record in the ECF System.

Dated: September 4, 2019
       New York, New York

Respectfully submitted,

By: */s/ Matt Kline*
    Matt Kline (*pro hac vice*)
    O'Melveny & Myers LLP
    1999 Avenue of the Stars, 7th Floor
    Los Angeles, CA 90067-6035
    Telephone: (310) 553-6700
    Facsimile: (310) 246-6779
    Email: mkline@omm.com

*Counsel for Defendants Colony Capital, LLC; Colony Investors VI, L.P.; Colony Investors VII, L.P.; Colony RIH Holdings, LLC; RIH Coinvestment Partners, L.P.; RIH Voteco, LLC; RIH Coinvestment Voteco, LLC; RIH Resorts, LLC; and Thomas J. Barrack, Jr.*